UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

KANGADIS FOOD INC.                                    Chapter 11
   d/b/a The Gourmet Factory,
                                                      Case No. 14-72649 (REG)

                              Debtor.
-----------------------------------------------------------x

## ORDER (A) APPROVING ADEQUACY OF DISCLOSURE STATEMENT FOR PLAN OF REORGANIZATION, (B) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN OF REORGANIZATION, (C) SCHEDULING A HEARING ON CONFIRMATION OF PLAN OF REORGANIZATION, AND (D) APPROVING RELATED NOTICE PROCEDURES

Upon the motion (the "**Motion**") of Kangadis Food Inc. (the "**Debtor**"), the above-captioned debtor and debtor in possession, seeking entry of an order (a) approving adequacy of the proposed First Amended Disclosure Statement for Plan of Reorganization (the "**Disclosure Statement**"); (b) establishing procedures for solicitation and tabulation of votes to accept or reject the First Amended Plan of Reorganization (the "**Plan**"); (c) scheduling a hearing on confirmation of the Plan (the "**Confirmation Hearing**"); and (d) approving related notice procedures (this Order referred to herein as the "**Disclosure Statement Order**"); the Court having reviewed the Motion and the Disclosure Statement and having heard statements of counsel regarding the adequacy of the Disclosure Statement at hearings before the Court on September 15, 2014 and October 15, 2014;  and the Court having determined that the legal and factual bases for approval of the Disclosure Statement and related relief establishes just cause for the relief granted herein;

**THE COURT HEREBY FINDS THAT:**

A.      Capitalized terms not otherwise defined in this Disclosure Statement Order shall have the meanings ascribed to such terms in the Disclosure Statement or in the Plan, as the case may be.

B.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

C.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

D.      Notice of the Disclosure Statement and the Motion was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules.

E.      The relief granted in this Disclosure Statement Order is warranted under the circumstances and is in the best interests of the Debtor's Estate and its Creditors.

F.      The form of the ballot (the "**Ballot**") attached hereto as **Exhibit A,** *as amended to conform with this Order* (i) adequately addresses the particular needs of the Debtor's Estate in this Chapter 11 Case, (ii) is appropriate for each Class of Claims entitled to vote to accept or reject the Plan, and (iii) complies with Bankruptcy Rule 3017(d).

G.      Ballots need not be provided to Holders of Claims in Class 3 because such Claims are Unimpaired under the Plan and the Holders thereof are conclusively presumed to accept the Plan in accordance with Bankruptcy Code §1126(f).

H.      Ballots need not be provided to Holders of Interests in Class 7 because Interests will receive no distributions under the Plan, and thus are presumed to have rejected the Plan and, therefore, are not entitled to vote to accept or reject the Plan. Holders of Interests in Class 7 shall be provided with a Non-Voting Status Notice, attached hereto as **Exhibit B**.

I.      The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Disclosure Statement Order, provides sufficient time for Creditors to make informed decisions to accept or reject the Plan, and submit timely Ballots.

2

J.    The procedures for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with Bankruptcy Code §1126.

**IT IS HEREBY ORDERED THAT:**

1.    The Disclosure Statement is hereby **APPROVED**.

2.    The Ballot, ***amended to conform with this Order,*** attached as **Exhibit A** is hereby approved.  The ***amended*** Ballot shall be distributed to Holders of Claims in Classes 1, 2, 4, 5 and 6 entitled to vote to accept or reject the Plan.

3.    To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered to SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Brian Powers, either (a) by first class mail, (b) by overnight mail service, or (c) by personal delivery so that, in each case, they are **actually received no later than 4:00 p.m. (Eastern Standard Time)** on **November 21, 2014** (the "**Voting Deadline**").  Delivery of a Ballot by facsimile, e-mail or any other electronic means will not be accepted or counted.

4.    Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim or Interest and without prejudice to the rights of the Debtor in any other context, each Claim within a voting Class shall be counted in accordance with the following rules (collectively, the "**Tabulation Rules**"):

    a.    Unless otherwise provided in these Tabulation Rules, a Claim will be deemed temporarily counted for voting purposes in an amount equal to (i) if a timely filed Proof of Claim has not been filed, the undisputed amount of such Claim as set forth in the Schedules filed by the Debtor, or (ii) the amount of such Claim as set forth in a timely filed Proof of Claim;

    b.    If a Claim for which a Proof of Claim has been timely filed is marked in the Schedules in whole or in part as contingent, unliquidated or disputed on its face, unless otherwise ordered by the Court, such portion of the Claim that is marked as contingent,

3

unliquidated or disputed will be temporarily allowed for voting purposes in the amount of $1.00;

c.     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court;

d.     If a Claim is listed in the Schedules as contingent, unliquidated or disputed, and no Proof of Claim has been timely filed with respect to the Claim, such Claim will be disallowed for voting purposes;

e.     If the Debtor has filed and served an objection to a Claim at least ten (10) days before the Voting Deadline, such claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection; provided, however, that Proof of Claim No. 14 filed by the plaintiffs in the Class Action on behalf of the Class Action Members, shall be allowed for voting purposes in the amount of $1.00; and

f.     If a Holder of a Claim identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily counted for voting purposes in the lesser amount identified on such Ballot.

5.     If any Creditor seeks to challenge the amount of its Claim for voting purposes in accordance with the Tabulation Rules, such Creditor must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve such Rule 3018 Motion on (i) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300 Jericho, New York  11753, attorneys for the Debtor (Attention: Brian Powers), (ii) Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556, counsel to Citibank, N.A. (Attn: Stuart Gordon), and (iii) Office of the United States Trustee, Alfonse D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, (Attn:  Stan Y. Yang), so that it is received no more than twenty (20) days after the later of (a) the date of service of the Disclosure Statement Order, and (b) the date of service of a notice of an objection, if any, to the underlying Claim or Interest.  Any Ballot submitted by a Creditor that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained

BPOWERS/1613846.2/063637

herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

6.      In tabulating the Ballots, the following additional procedures shall be utilized:  (a) only Ballots actually received by the Voting Deadline will be counted; (b) the Debtor expressly reserves the right to extend the Voting Deadline until properly completed Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Bankruptcy Code §1126 have been received; (c) a failure to return a Ballot will not be counted either as a vote for or against the Plan; (d) improperly completed or late Ballots will not be counted; (e) if a Creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the latest dated Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior Ballots; and (f) Creditors must vote all of their Claims within a particular Class under the Plan either to accept or reject the Plan and may not split their votes within a particular Class; thus, a Ballot (or a group of Ballots) within a particular Class received from a single Creditor that partially rejects and partially accepts the Plan will be deemed to have voted to accept the Plan.

7.      The Confirmation Hearing is scheduled for **December 10, 2014 at 1:30 p.m. (Eastern Standard Time)**.  The Confirmation Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

8.      Objections, if any, to confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection to confirmation of the Plan; (d) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; and, (e) filed with the Court electronically in accordance with General Order 559 by registered users of the Court's electronic case filing system and, by all other parties in

BPOWERS/1613846.2/063637

interest, mailed to the Clerk of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York, with a hard copy delivered directly to the Chambers of the Honorable Robert E. Grossman, and served in accordance with General Order 559 or other form upon: (i) SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300 Jericho, New York  11753, attorneys for the Debtor (Attention: Brian Powers), (ii) Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556, counsel to Citibank, N.A. (Attn: Stuart Gordon), and (iii) Office of the United States Trustee, Alfonse D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, (Attn:  Stan Y. Yang) , so as to be actually received on or before **December 3, 2014** at **4:00 p.m. (Eastern Standard Time)** (the "**Confirmation Objection Deadline**").

9.       Replies, if any, to a timely filed objection to confirmation of the Plan shall be filed with the Court, with a hard copy delivered directly to the Chambers of the Honorable Robert E. Grossman, and served in accordance with General Order 559 or other form upon: (i) counsel to the objecting party; (ii) Rivkin Radler LLP, 926 RXR Plaza, Uniondale, New York 11556, counsel to Citibank, N.A. (Attn: Stuart Gordon); and (iii) Office of the United States Trustee, Alfonse D'Amato Courthouse, 560 Federal Plaza, Central Islip, New York 11722, (Attn:  Stan Y. Yang) by **December 8, 2014** at **4:00 p.m.**

10.       The record date for purposes of determining which creditors are entitled to receive Solicitation Packages and, where applicable, vote on the Plan (the "**Record Date**") shall be the date of entry of this Disclosure Statement Order on the docket of the Debtor's Chapter 11 Case.

11.       The Debtor shall serve this Disclosure Statement Order, the Disclosure Statement, the Plan and, to holders of Claims in Classes 1, 2, 4, 5, and 6, a Ballot (the "**Solicitation Package**"), by first class mail, postage prepaid, by no later than **October 24, 2014** to: (a) all persons or entities in Classes 1, 2, 4, 5, and 6, on or before the

Record Date, (b) all persons or entities listed in the Schedules as holding liquidated, non-contingent, undisputed Claims as of the Record Date; (c) all other known Holders of Claims against the Debtor, if any, as of the Record Date; (d) all parties in interest that have filed notices in accordance with Bankruptcy Rule 2002 in the Chapter 11 Case on or before the Record Date; (e) the Internal Revenue Service; (f) the New York State Department of Taxation and Finance; and (g) the U.S. Trustee for Region 2.

12.     If a Solicitation Package is returned as undeliverable, the Debtor shall resend such Solicitation Package only once, provided that the United States Post Office has included a forwarding address at least ten (10) business days before the Voting Deadline.

13.     The form of Non-Voting Status Notice, attached hereto as **Exhibit B** is hereby approved. The Debtor shall serve by regular mail the Non-Voting Status Notice on Holders of Interests in Class 7 by no later than **October 24, 2014**.

14.     If a Non-Voting Status Notice is returned as undeliverable, the Debtor shall resend it only once, provided that the United States Post Office has included a forwarding address at least ten (10) business days before the Voting Deadline.

15.     The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Disclosure Statement Order without seeking further order of the Court.

16.     The Court shall retain jurisdiction over the interpretation and enforcement of this Disclosure Statement Order.



**Dated: Central Islip, New York**
**October 23, 2014**

_____
**Robert E. Grossman**
**United States Bankruptcy Judge**

7